# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

CHARLES K. JOHNSTON, JR.                                    PLAINTIFF

v.                          Civil No. 5:17-cv-05233

KINSEY RIVERS                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Charles K. Johnston, Jr., under the
provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to
proceed *in forma pauperis* (IFP)(Doc. 2). He is currently incarcerated in the Ouachita River
Unit of the Arkansas Department of Correction.

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C.
§ 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The
Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are
frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek
monetary relief from a defendant who is immune from such relief. 28 U.S.C.
§ 1915(e)(2)(B).

## I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff was on parole from
the Arkansas Department of Correction. Defendant Kinsey Rivers is a Rogers, Arkansas,
parole agent.

Plaintiff alleges he left Conway, Arkansas, on or about October 1, 2016, and
traveled to Tulsa, Oklahoma, in an effort to find work and keep from becoming homeless.

-1-

Plaintiff alleges that he failed to find work but was unable to return to Conway to meet with his parole officer. His failure to report led to a charge of absconding parole and the issuance of a parole violation warrant (a "white warrant").

Plaintiff turned himself in on the parole violation warrant to the Tulsa County Jail on December 19, 2016. He was held in the David L. Moss Detention Center until his release on May 1, 2017.[1]  Plaintiff alleges a detainer was lodged against him on December 20, 2016, on the parole violation. No new charges were filed against him. Plaintiff further alleges he appeared by video in court on December 22, 2016, and the presiding judge explained the extradition rules and procedures. Plaintiff states he signed a waiver of extradition. He was told by the presiding judge that she would notify the State of Arkansas parole office that Plaintiff was "ready for extradition."

During the entire time he was incarcerated in Tulsa, Plaintiff alleges he was never contacted by the Arkansas Parole Office and told what he needed to do or how to contact his parole agent for assistance. He was not extradited back to Arkansas.

Upon his release, Plaintiff alleges he was homeless and had no money or cell phone to make contact with anyone. Plaintiff states he walked to the public library to use the Internet to contact his "former boss" and ask for a job in Olathe, Kansas. Plaintiff alleges his former boss provided him with a one-way bus ticket to Kansas City, Kansas.

On or around June 21, 2017, Plaintiff alleges the Olathe, Kansas, Police Department arrested him on the same parole violation warrant. Plaintiff states he refused

---

[1] On page two of the Complaint (Doc. 1), Plaintiff refers to his release date as May 4, 2017. However, on page three, in his statement of facts, he twice refers to his release date as May 1, 2017.

to sign the extradition papers and was unwillingly extradited to Arkansas. Plaintiff states he was transported by probation/parole officers to the Benton County Detention Center on or about June 22, 2017.

Plaintiff's parole revocation hearing was held on August 17, 2017, with the Honorable Lisa M. Wilkins presiding. According to Plaintiff, at his hearing, Kinsey Rivers perjured herself by testifying that the Tulsa detention center had failed to notify the Arkansas parole office of Plaintiff's incarceration and ultimate release. Plaintiff alleges that Defendant also drafted a typed statement in which she stated that the parole office was unaware that Plaintiff was being held in Tulsa, Oklahoma, until after his release when they were notified the parole hold had been withdrawn by the judge. At the time, Plaintiff had already been released from incarceration.

As relief, Plaintiff seeks compensatory and punitive damages. He also asks that the "rest" of his parole be terminated.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v.*

*Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff's claims are subject to dismissal. First, Plaintiff filed two prior actions against Kinsey Rivers stemming from the same facts addressed in this Complaint. *Johnston v. Wilkins, et al.,* Civil No. 5:17-cv-05158 and *Johnston v. Rivers, et al.,* Civil No. 5:17-cv-05193. Case number 5:17-cv-05158 was dismissed under the IFP statute as frivolous and for failure to state a claim on August 29, 2017. Case number 5:17-cv-05193 was dismissed for failure to state a claim and as barred by *res judicata* on October 30, 2017.

While a dismissal under the IFP statute "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a dismissal under the IFP statute "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994)(quoting *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)). Accordingly, the dismissal under the IFP statute of Plaintiff's "first claim [against Kinsey Rivers] has res judicata effect and establishes that [this] identical claim is frivolous" for purposes of the IFP statute. *Waller*, 38 F.3d at 1008.

Second, Plaintiff's claims against Kinsey Rivers are subject to dismissal for failure to state a claim. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007,

1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, the Complaint contains no factual allegations indicating that Kinsey Rivers or the parole office were in fact notified that Plaintiff was detained in the Tulsa detention center. He only alleges the judge in Oklahoma said she would notify Arkansas, not that the notification occurred. In fact, Plaintiff alleges Kinsey Rivers testified that Arkansas was not notified of this fact. There are no facts alleged which establish a plausible cause of action against Kinsey Rivers for unlawful or wrongful detention.

### III. CONCLUSION

The claims are subject to dismissal for failure to state a claim and because they are barred by *res judicata*. 28 U.S.C. § 1915(e)(2)(B). Therefore, the Complaint is **DISMISSED WITHOUT PREJUDICE.**

The dismissal of this case constitutes a strike under 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to put a § 1915(g) strike flag on the case.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (IFP)(Doc. 2) is **DENIED.** I hereby certify that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED** on this 1st day of December, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE